UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3558 |
| | § | |
| CHARLES BOLTON d/b/a | § | |
| INNER CITY INTEREST, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is defendant Charles Bolton's motion to dismiss. Dkt. 5. Upon consideration of the motion, responses, and the applicable law, Bolton's motion to dismiss is GRANTED.

### I. BACKGROUND

Plaintiff, Nautilus Insurance Company ("Nautilus"), is an insurance company licensed in the State of Texas, having its principal office in Scottsdale, Arizona. Dkt. 13. Nautilus issued an insurance policy ("Policy") to defendant Charles Bolton, insuring the property located at 3524-3544 Brewster, Houston, Texas 77026. *Id.* Bolton alleges damages to his insured property caused by Hurricane Ike which struck Houston on September 13, 2008. *Id.* On March 19, 2010, Bolton filed a claim with Nautilus for damages to his property under the Policy. *Id.* On June 12, 2010, Bolton filed suit in the 129th Judicial District of Harris County, Texas. Dkt. 5. The state court action alleges breach of contract, violations of Section 542 of the Texas Insurance Code, violations of the DTPA, unfair insurance practices, and breach of duty of good faith and fair dealing. Dkt. 5, Ex. A. Nautilus brought suit for a declaratory judgment in this court on October 4, 2011. Dkt. 1. Bolton

now moves the court to abstain from deciding Nautilus' federal declaratory judgment action and dismiss the case on that basis.

## II. LEGAL STANDARD

Though a district court may have jurisdiction over a suit pursuant to the Federal Declaratory Judgment Act, that court is "under no compulsion to exercise that jurisdiction." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137 (1995) (quoting *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173 (1942)). In certain instances, a federal court may abstain from hearing a suit even if jurisdiction would otherwise be proper. *Brillhart*, 316 U.S. at 494. When a district court considers abstaining from exercising jurisdiction in a declaratory judgment action, the inquiry is governed by the standard derived from *Brillhart*. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994). *Brillhart* holds that a district court has discretion in determining whether to hear an action under the Declaratory Judgment Act. *Wilton*, 515 U.S. at 282. The Fifth Circuit has held that "[w]hen a pending state court suit raises the same issues as a federal declaratory judgment action, the central question for a district court under *Brillhart* and *Wilton* is whether the controversy is better decided in state or federal court." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 392 (5th Cir. 2003).

The Fifth Circuit recognizes seven nonexclusive factors for a district court to consider when determining whether to decide or dismiss a declaratory judgment action. *Sherwin-Williams,* 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). The seven *Trejo* factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* A district court abuses its discretion unless it addresses and balances the purposes of the Declaratory Judgment Act and weighs the factors relevant to abstention on the record. *Trejo*, 39 F.3d at 590.

### III. ANALYSIS

**(1)  Pending State Action**

The first factor addresses whether there is already a pending state action in which all the matters between the parties may be fully litigated. Bolton argues that the presence of a pending state suit weighs heavily in favor of abstention because this suit addresses only a fraction of the matters covered in the state action. Dkt. 5. Nautilus concedes that a pending state action exists but argues that this factor is not dispositive in the court's decision to abstain. Dkt. 7.

It is generally the case that when a federal declaratory judgment raises only the issues of state law being litigated in the state case, then the state should decide the case and the federal court should exercise its discretion and dismiss the federal suit. *Sherwin-Williams,* 343 F.3d at 390-91. *Brillhart* called it "uneconomical" and "vexatious" for a federal court to proceed with a declaratory judgment suit when another suit is pending in state court presenting "the same issues, not governed by federal

law, between the same parties." *Brillhart*, 316 U.S. at 495. Such gratuitous interference with state court litigation should be avoided. *Id.* Here, Nautilus' federal declaratory judgment action raises the same issues of state law as the pending state case.

There are additional claims pending in the state action not addressed here. Nautilus argues that *Brillhart* is inapplicable in the present case because its complaint does not seek declaratory judgment on all of the claims at issue in the state court action. Dkt. 7. This court does not agree. The issues that are the subject of the declaratory judgment action, duty to indemnify under the Policy and breach of contract, are wholly contained within the state court action. Even if it is true that the declaratory judgment action would not dispose of all of the claims brought in the state action, this would not make *Brillhart* inapplicable. For *Brillhart* to be inapplicable, there would need to be something within the federal suit that was not present in the state suit. That is not the case here. Accordingly, the court does not find Nautilus' argument persuasive. Retention of the instant case would result in piecemeal litigation. "A federal district court should avoid . . . piecemeal litigation where possible." *Sherwin-Williams*, 343 F.3d at 391. Accordingly, this factor weighs in favor of abstention.

**(2)     Suit Filed in Anticipation of a Lawsuit**

The second factor is whether the plaintiff filed the federal suit in anticipation of a state suit filed by the defendant. This factor analyzes whether a plaintiff's declaratory judgment action is an attempt to access the federal forum by improper or unfair means. *Id.* Bolton argues that Nautilus filed a declaratory judgment in an attempt to thwart any advantages Bolton gained by filing first in state court. Dkt. 5. Nautilus denies that this suit is an attempt to thwart Bolton's advantage in winning the race to the courthouse. Dkt. 7.

This suit was filed over fifteen months after initiation of the state court suit and over eighteen months after Bolton first filed a claim on his Policy with Nautilus. The declaratory judgment action here is not a proactive attempt by Nautilus to ascertain its liability while waiting to be sued. The state court action was well under way at the time Nautilus filed this suit. The court finds this case was not filed in anticipation of a lawsuit. This factor weighs in favor of retention.

**(3)    Forum Shopping**

The third factor is whether the plaintiff engaged in forum shopping in bringing suit. Bolton argues that Nautilus engaged in impermissible forum shopping by seeking a declaratory judgment here which was unavailable in state court and by dropping its state court co-defendant, Mr. William E. Dawkins, in order to obtain complete diversity. Dkt. 5. Nautilus argues that Bolton's case authority is inapplicable and claims that Mr. Dawkins is an unnecessary party to the instant case, as well as to the state court action[1]. Dkt. 7. Nautilus further contends that Bolton engaged in forum shopping in the state court action[2]. *Id.*

"The filing of every lawsuit requires forum selection." *Sherwin-Williams*, 343 F.3d at 391. The pejorative term "forum shopping" is narrower and identifies improper or abusive forum selection. *Id.* The court finds no evidence that Mr. Dawkins is a necessary party to Nautilus' instant declaratory judgment action, and no evidence that Nautilus engaged in impermissible forum shopping in the instant case. Accordingly, this factor weighs in favor of retention.

**(4)    Possible Inequities Resulting From Declaratory Judgment Action**

The fourth factor is whether possible inequities would result in allowing the declaratory plaintiff to gain precedence in time or to change forums. Bolton argues that allowing this change

---

[1] The court does not address the necessity of Mr. Dawkins as a party in the state court action.

[2] The court does not address allegations of forum shopping in the state court action.

in forum would prejudice him by thwarting the advantages he gained by filing first in state court, draining his finances by having to litigate in two forums, and effectively eliminating his claims against state court defendant Dawkins[3] which arose out of the same occurrence. Dkt. 5. Additionally, Bolton would be prevented from using discovery obtained from Dawkins in the instant proceeding and would not receive the full adversarial trial he sought in state court. *Id.* Nautilus argues that the time and cost of defending the present suit are *de minimis* since Nautilus is seeking the court's declaration through a summary judgment. Dkt. 7. Nautilus speculates on Bolton's attorneys' fees arrangement and states that Bolton may recover attorneys' fees if he prevails. *Id.* Nautilus further contends that any discovery obtained from Dawkins is irrelevant to the instant dispute and Bolton may still receive the full adversarial trial he initially sought against Dawkins in state court. *Id.*

Nautilus has said that the instant lawsuit will not resolve every issue present in the state court action, including those asserted against William Dawkins. Dkt. 7. The court agrees that there are issues in the state court action that were not brought here. However, a declaratory judgment here could preclude the entirety of the state court action by *res judicata*. The court finds this to be inequitable. Considerations of fairness weigh in favor of allowing all claims arising out of the same occurrence to be litigated in one forum. Accordingly, this factor weighs in favor of abstention.

**(5)   Convenient Forum**

The fifth factor is whether the federal court is a convenient forum for parties and witnesses. Bolton admits that the forum "bears no inconvenience" to him. Dkt. 5. Nautilus also admits this to

---

[3]The parties refer to the co-defendant in the state court action as both William Dawkins and William Hawkins. Dkts. 5, 7. Bolton's original state court petition names the defendant William E. Dawkins. Dkt. 5-1. Therefore, for sake of simplicity, the court refers to him as William E. Dawkins.

6

be a convenient forum. Dkt. 7. Since both parties agree to the convenience of the forum, this factor weighs in favor of retention.

**(6)     Judicial Economy**

The sixth factor is whether retention of this suit would serve the purposes of judicial economy. Bolton contends that "[t]here is absolutely no economy to retaining this action." Dkt. 5. At the time Bolton filed this motion to dismiss, the state court action was set for ADR within two (2) weeks and trial within four (4) months. *Id.* Bolton argues that re-litigating the case in front of this court would be a "tremendous waste of time and judicial resources" and would mean the court and the parties would have to "start from scratch." *Id.* Nautilus states that allowing this action to proceed would not mean the parties would have to start from scratch. Dkt. 7. Nautilus offers no support for this assertion.

"A federal district court should avoid duplicative or piecemeal litigation where possible." *Sherwin-Williams*, 343 F.3d at 391. Though there are fewer issues in the instant case than in the state case, all the issues presented here are pending in the state action. The state action was filed prior to the instant action and has progressed further than this action. To allow this declaratory judgment action to proceed would be a duplication of the state court's efforts. It would promote neither judicial efficiency nor economy. Accordingly, this factor weighs in favor of abstention.

**(7)     Federalism and Comity**

The seventh factor considers whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. Bolton contends that this factor essentially asks whether the issue is better suited for resolution in state court. Dkt. 5. Bolton says *Brillhart* holds that the issue of whether an insurer is liable to an insured under a policy is a question of local law. *Id.*

7

Nautilus rejects Bolton's reading of *Brillhart* and maintains that the facts of the instant case are distinguishable from *Brillhart*. Dkt. 7. Nautilus denies that this court is being called upon to construe a state judicial decree. *Id.*

The state court has not issued a decree. Here, the federal court is being asked to render a declaratory judgment as to two of the three parties involved in the pending state court action. Additionally, the issues in both cases are ones of state law. Such duplicative litigation may result in inconsistent state and federal court judgments on issues of state law, raising concerns of federalism and comity. *Sherwin-Williams*, 343 F.3d at 391. This court agrees with *Brillhart* that gratuitous interference with state court litigation is vexatious, uneconomical, and to be avoided. *Brillhart*, 316 U.S. at 495. Accordingly, this factor weighs in favor of abstention.

Upon consideration of the seven *Trejo* factors, Bolton's motion to dismiss is GRANTED. The court abstains from hearing this case, which is hereby DISMISSED WITHOUT PREJUDICE. All motions pending before this court are DENIED AS MOOT.

### III. CONCLUSION

Pending before the court is Bolton's motion to dismiss Nautilus' declaratory judgment action. Dkt. 5. The seven *Trejo* factors are fairly evenly divided, but lean more towards abstention. Notably, the most important factors, those involving comity, federalism, and judicial economy, weigh heavily in favor of abstention. Therefore, Bolton's motion to dismiss is GRANTED. The complaint is DISMISSED WITHOUT PREJUDICE. All pending motions are DENIED AS MOOT.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on June 25, 2012.

_____
Gray H. Miller
United States District Judge